Filing # 80303126 E-Filed 11/05/2018 09:37:45 AM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

MEGHAN HOYER,

    Plaintiff,

v.     Case No.: _____

PRIME COMMUNICATIONS, LP,
a foreign corporation,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, MEGHAN HOYER, by and through her undersigned counsel, and sues the Defendant, PRIME COMMUNICATIONS, LP (herein after "PRIME"), a foreign corporation, and alleges the following:

### JURISDICTION

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) excluding interest and costs.

2. At all times material hereto, Plaintiff, MEGHAN HOYER, was a resident of Clay County, Florida.

3. At all times material hereto, Defendant, PRIME COMMUNICATIONS, LP, is and was a foreign corporation registered and authorized to conduct business in the state of Florida, and which regularly conducts business in Duval County, Florida.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") regarding the acts complained of herein.

6. More than 180 days have passed since the filing of those charges.

7. Plaintiff has received the Right to Sue from the EEOC (attached hereto as "Exhibit A").

## GENERAL ALLEGATIONS

8. Plaintiff, HOYER, was employed with Defendant, PRIME, as an Assistant Store Manager from August 2016 until February 2017.

9. In February 2017, Plaintiff HOYER was promoted to Store Manager with Defendant PRIME.

10. At all times material hereto, Juan Perez ("Perez") was employed by Prime Communications as a District Manager.

11. At all times material hereto, Perez served in a managerial capacity and a supervisory position over Plaintiff HOYER.

12. In or around the end of May 2017, Plaintiff HOYER informed Perez that she was pregnant.

13. After Plaintiff HOYER informed Perez that she was pregnant, Perez expressed his opinion that Plaintiff HOYER's employment position would be too stressful for her to perform while pregnant.

14. On or about July 7, 2017, Plaintiff HOYER left work to go to the emergency room due to pregnancy related symptoms after being granted permission to do so by Perez.

15. On or about July 8, 2017, Perez again expressed his opinion to Plaintiff HOYER regarding her ability to perform her current position while pregnant.

16. On or about July 8, 2017, Perez suggested and requested that Plaintiff HOYER to take a demotion to an Assistant Store Manager position with PRIME.

17. This demotion to Assistant Store Manager would have resulted in a pay decrease for Plaintiff HOYER.

18. Plaintiff HOYER declined to accept the demotion to Assistant Store Manager and assured Perez that she could perform her job.

19. Perez then contacted Plaintiff HOYER's significant other and pressured him to convince Plaintiff HOYER to step down from her position as Store Manager.

20. Between July 8, 2017, and August 27, 2017, Perez repeatedly pressured Plaintiff to step down from her position as Store Manager and to voluntarily accept a demotion to Assistant Store Manager. Plaintiff refused.

21. On August 27, 2017, Plaintiff HOYER was then terminated from her position with Defendant PRIME.

22. The reason given for Plaintiff HOYER's termination was that she conducted an inventory count incorrectly.

23. The manner in which HOYER conducted this inventory count was consistent with the manner in which she was trained to conduct inventory counts by agents of Defendant PRIME.

24. The manner in which HOYER conducted this inventory count was the same manner in which she had been conducting inventory counts since she began her employment with Defendant PRIME.

25. The manner in which HOYER conducted this inventory count was the same manner in which other PRIME employees conducted their inventory counts.

26. No other PRIME employees were terminated by Defendant PRIME for conducting their inventory counts in the same manner as Plaintiff HOYER.

## COUNT I
## TITLE VII - PREGNANCY DISCRIMINATION

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-26.

28. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

29. By and through the conduct described herein, Defendant PRIME engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act.

30. Defendant knew or should have known that this discrimination occurred, was occurring, and was unlawful.

31. As a result of Defendant's unlawful discrimination, Plaintiff HOYER has suffered and continues to suffer the following past and future damages.

32. WHEREFORE, HOYER prays for the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT II
## FCRA – PREGNANCY DISCRIMINATION

33. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-26.

34. Plaintiff is a member of a protected class under the Florida Civil Rights Act by way of her female gender.

35. By and through the conduct described herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of the Florida Civil Rights Act.

36. Defendant knew, or should have known, that this discrimination occurred, was occurring, and was unlawful.

37. As a result of Defendant's unlawful discrimination, Plaintiff HOYER has suffered and continues to suffer the following past and future damages.

38. WHEREFORE, HOYER prays for the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

39. Plaintiff demands a trial by jury on all issues so triable and a judgment against this Defendant, PRIME COMMUNICATIONS LP, for an amount within the jurisdictional limits of this Court, to wit, more than Fifteen Thousand ($15,000.00) Dollars plus costs and for such other relief to which this Plaintiff is justly entitled.

Dated: October 24, 2018.

FLORIN ROEBIG, P.A.

WIL H. FLORIN, ESQUIRE
Florida Bar No.: 0337234
Primary Email: WHF@FlorinRoebig.com
Secondary Email: Lisa@FlorinRoebig.com
TAYLOR D. ROEBIG, ESQUIRE
Florida Bar No.: 1002817
Primary Email: TaylorRoebig@FlorinRoebig.com
Secondary Email: Lisa@FlorinRoebig.com
PARKER Y. FLORIN, ESQUIRE
Florida Bar No.: 0127139
Primary Email: PFlorin@FlorinRoebig.com
Secondary Email: Lisa@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff