UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Meghan Hoyer,<br><br>                               Plaintiff,<br><br>vs.<br><br>Prime Communications, L.P.,<br><br>                               Defendant. | Civil Action No.  3:18-cv-01415 |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant Prime Communications, L.P. ("Prime"), by and through its undersigned counsel, hereby answers Plaintiff Meghan Hoyer's ("Hoyer") Complaint ("Complaint"). Prime denies all allegations in the Complaint that are not specifically admitted below.

### JURISDICTION

1. Paragraph 1 of Hoyer's Complaint sets forth her characterization of this lawsuit and legal conclusions, rather than any factual averment, and therefore does not require a response. To the extent that any response is required, Prime denies that Hoyer is entitled to any relief asserted in the Complaint.

2. Prime is without sufficient information to admit or deny Hoyer's residence. Prime denies any and all remaining allegations in this paragraph.

3. Admitted.

### ADMINISTRATIVE PREREQUISITES

4. Paragraph 4 of Hoyer's Complaint sets forth legal conclusions, rather than any factual averment, and therefore does not require a response. To the extent that any response is required, Prime denies that Hoyer is entitled to any relief asserted in the Complaint.

5. Paragraph 5 of Hoyer's Complaint sets forth legal conclusions, rather than any factual averment, and therefore does not require a response. To the extent that any response is required, Prime denies that Hoyer is entitled to any relief asserted in the Complaint.

6. Prime is without sufficient information to admit or deny the allegations in paragraph 6 of Hoyer's Complaint.

7. Prime is without sufficient information to admit or deny the allegations in paragraph 7 of Hoyer's Complaint.

## GENERAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Prime admits that Juan Perez ("Perez") was aware that Hoyer was pregnant. Prime denies the remaining allegations in paragraph 12 of Hoyer's Complaint.

13. Prime denies all allegations in paragraph 13 of Hoyer's Complaint.

14. Prime is without sufficient information to admit or deny the allegations in paragraph 14 of Hoyer's Complaint.

15. Prime denies all allegations in paragraph 15 of Hoyer's Complaint.

16. Prime denies all allegations in paragraph 16 of Hoyer's Complaint.

17. Prime denies all allegations in paragraph 17 of Hoyer's Complaint.

18. Prime denies all allegations in paragraph 18 of Hoyer's Complaint.

19. Prime denies all allegations in paragraph 19 of Hoyer's Complaint.

20. Prime denies all allegations in paragraph 20 of Hoyer's Complaint.

21. Prime admits that Hoyer was terminated from her position on or about August 27, 2017. Prime denies the remaining allegations in paragraph 21 of Hoyer's Complaint.

22. Prime admits that Hoyer was terminated for falsifying an inventory report. Prime denies the remaining allegations in paragraph 22 of Hoyer's Complaint.

23. Prime denies all allegations in paragraph 23 of Hoyer's Complaint.

24. Prime is without sufficient information to admit or deny the allegations in paragraph 24 of Hoyer's Complaint.

25. Prime denies all allegations in paragraph 25 of Hoyer's Complaint.

26. Prime denies all allegations in paragraph 26 of Hoyer's Complaint.

## COUNT I

### TITLE VII – PREGNANCY DISCRIMINATION

27. Prime incorporates its previous responses and further denies that it acted unlawfully toward Hoyer in any respect.

28. Paragraph 28 of Hoyer's Complaint sets forth legal conclusions, rather than any factual averment, and therefore does not require a response. To the extent that any response is required, Prime denies that Hoyer is entitled to any relief asserted in the Complaint.

29. Prime denies all allegations in paragraph 29 of Hoyer's Complaint.

30. Prime denies all allegations in paragraph 30 of Hoyer's Complaint.

31. Prime denies all allegations in paragraph 31 of Hoyer's Complaint.

32. Paragraph 32 of Hoyer's Complaint sets legal conclusions and requests for relief to which no response is required. To the extent that any response is required, Prime denies Hoyer's prayer for relief, and denies that Hoyer is entitled to relief as asserted. Prime further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

## COUNT II

## FCRA – PREGNANCY DISCRIMINATION

33. Prime incorporates its previous responses and further denies that it acted unlawfully toward Hoyer in any respect.

34. Paragraph 34 of Hoyer's Complaint sets forth legal conclusions, rather than any factual averment, and therefore does not require a response. To the extent that any response is required, Prime denies that Hoyer is entitled to any relief asserted in the Complaint.

35. Prime denies all allegations in paragraph 35 of Hoyer's Complaint.

36. Prime denies all allegations in paragraph 36 of Hoyer's Complaint.

37. Prime denies all allegations in paragraph 37 of Hoyer's Complaint.

38. Paragraph 38 of Hoyer's Complaint sets legal conclusions and requests for relief to which no response is required. To the extent that any response is required, Prime denies Hoyer's prayer for relief, and denies that Hoyer is entitled to relief as asserted. Prime further refers to and incorporates its responses to the other allegations in the Complaint and its Defenses.

## DEMAND FOR JURY TRIAL

39. Paragraph 39 of Hoyer's Complaint sets forth a jury demand, rather than any factual averment, and therefore does not require a response. To the extent that any response is required, Prime denies that Hoyer is entitled to any relief asserted in the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

An agreement between Hoyer and Prime expressly provides for arbitration of all disputes of the type alleged in the Complaint. Hoyer has failed to comply with the agreement to arbitrate and the agreement precludes this lawsuit.

### SECOND AFFIRMATIVE DEFENSE

Hoyer has failed to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

To the extent Hoyer has failed to exhaust her administrative remedies under Title VII or the FCRA or has otherwise failed to satisfy any applicable conditions precedent to suit, her claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Hoyer's claims are based upon conduct not the subject of a timely filed charge of discrimination, such claims are barred for failure to exhaust administrative remedies and/or failure to satisfy conditions precedent to suit.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Hoyer failed to cooperate and assist with the administrative investigation of her charge of discrimination, her claims are barred for failure to exhaust administrative remedies and / or failure to satisfy conditions precedent to suit.

## SIXTH AFFIRMATIVE DEFENSE

Hoyer's claims are barred in whole or in part because Hoyer was an at-will employee and therefore could be terminated with, or without, notice and with, or without, cause at any time.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Hoyer is able to establish that unlawful motivation played any part in any employment decision challenged by her, Prime would have taken the same action in the absence of such impermissible motivating factor.

## EIGHTH AFFIRMATIVE DEFENSE

Prime alleges that, at all times, all actions taken with regard to Hoyer were just, fair, honest, in good faith, non-retaliatory, based on legitimate business reasons, including the good faith exercise of business judgement, and based upon all relevant facts and circumstances known by Prime at the time of the action.

NINTH AFFIRMATIVE DEFENSE

Prime alleges that the Complaint and each claim set forth therein cannot be maintained because all acts or omissions allegedly attributed to Prime represented the just and proper exercise of Prime's managerial discretion and were undertaken for non-retaliatory, fair and honest reasons, regulated by good faith and probable cause under the circumstances existing at the time of such acts or omissions.

TENTH AFFIRMATIVE DEFENSE

Prime alleges that all actions taken toward Hoyer were based on job-related factors consistent with business necessity, including, but not limited to, violation of company policy.

ELEVENTH AFFIRMATIVE DEFENSE

To the extent Hoyer has failed to make a good faith, reasonable effort to mitigate her damages, she should be precluded from recovering damages against Prime.

TWELFTH AFFIRMATIVE DEFENSE

Prime is entitled to a set off for any amounts received by Hoyer through her efforts to mitigate damages.

THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Hoyer's claims are partially or completely barred by the after-acquired evidence doctrine, Hoyer is precluded from recovering against Prime.

FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Hoyer obtains recovery from any collateral source, Prime is entitled to a set off against any damages that may be awarded against it in this action.

FIFTEENTH AFFIRMATIVE DEFENSE

Prime alleges that the Complaint and every cause of action contained therein cannot be maintained against Prime because, in the alternative, any acts taken by any of its officers, managers

and/or employees, or any of them deemed to be wrongful or unlawful, were committed outside the course and scope of such employees' employment, agency and authority to act on behalf of Prime; such acts were not authorized, adopted, condoned, or ratified by Prime; Prime did not have notice or knowledge of such conduct; nor did Prime have any advance knowledge of the alleged unfitness of its officers, managers and/or employees or continue to employ them thereafter in conscious disregard of the rights and safety of others.

### SIXTEENTH AFFIRMATIVE DEFENSE

Prime alleges that any violation of any statute alleged was not knowing, intentional, or willful.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Prime alleges that, assuming any employee of Prime engaged in any unlawful conduct toward Hoyer, which Prime denies, Prime neither knew nor reasonably should have known of said unlawful conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Prime alleges that Hoyer could have avoided some or all of the allegations contained in the Complaint with reasonable effort. Prime took reasonable steps to prevent workplace discrimination; Hoyer unreasonably failed to use Prime's complaint procedures, preventive and corrective measures that Prime provided; and that the reasonable use of Prime's procedures would have prevented some or all of Hoyer's alleged harm.

### NINETEENTH AFFIRMATIVE DEFENSE

Prime alleges that at all times relevant, Prime engaged in reasonable and appropriate conduct to prohibit all illegal workplace discrimination including maintaining and enforcing written policies prohibiting workplace discrimination.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Hoyer establishes that Prime's agents or employees engaged in discriminatory employment actions, such actions were contrary to Prime's good faith efforts to comply with the law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches to the extent that Hoyer or others either acquiesced to conduct or prejudiced Prime by unreasonably delaying in alleging harms. Likewise, the Complaint is barred to the extent that Hoyer is estopped or has waived, by her own conduct or actions, the right to assert the claims alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the recovery of penalties, under the circumstances of this case, would be unjust, arbitrary and oppressive, or confiscatory and disproportionate to any harms resulting from Prime's conduct.

Prime hereby reserves its right to raise new, separate, distinct and additional affirmative defenses which may be appropriate based upon facts and information developed in this case and Prime will seek to supplement this answer at such time.

WHEREFORE, Prime demands judgment in its favor on all claims in the Complaint, together with an award of the attorneys' fees and costs it incurs in defending this matter and for such other and further relief as the Court deems just and equitable.

Respectfully submitted this 6th day of December 2018.

/s/ Rishi S. Bagga
Rishi S. Bagga, J.D., LL.M.
Fla. Bar No. 25700
**THE LAW OFFICE OF RISHI S. BAGGA, P.A.**
618 E. South St., Suite 500
Orlando, Florida 32801
Tel: (407) 992-6222
E-mail: rishi@rsbesq.com
*Counsel for Prime Communications, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, a copy of foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

>/s/ Rishi S. Bagga
>Rishi S. Bagga, J.D., LL.M.
>Fla. Bar No. 25700